UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RENEE L. HICKEY-NIEZGODA,

    *Plaintiff,*                                      CASE NO. 11-CV-10538

v.                                                   DISTRICT JUDGE THOMAS L. LUDINGTON
                                                    MAGISTRATE JUDGE CHARLES BINDER

WELLS FARGO HOME MORTGAGE,
FREDDIE MAC,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR,
IN THE ALTERNATIVE, SUMMARY JUDGMENT**
(Doc. 14)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion for judgment on the pleadings be **GRANTED** and the case be dismissed with prejudice.

## II.    REPORT

### A.    Introduction

This action was removed from the Isabella County Circuit Court, State of Michigan, on February 10, 2011. Plaintiff filed a Complaint for Breach of Contract against Defendants Wells Fargo Home Mortgage and Freddie Mac (Federal Home Loan Mortgage Corporation, or "FHLMC") on November 24, 2010, alleging claims of (1) breach of contract; (2) unjust enrichment; and (3) violation of the "CPA" (assumed to be the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq*.). These claims all relate to the circumstances surrounding the foreclosure sale of Plaintiff's home on May, 27, 2010.

Defendants removed the case pursuant to 12 U.S.C. § 1452(f), which provides that "all civil actions to which [FHLMC] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value."

On November 15, 2011, Defendants filed the above-entitled motion that is before the Court. Plaintiff filed a response on December 20, 2011 (Doc. 17), and Defendants filed a reply on January 9, 2012. (Doc. 18.) Having considered the documents submitted by the parties, the Court is satisfied that it would not be assisted by oral argument on the motion. Therefore, in accordance with local rules, the motion is ready for report and recommendation. E.D. Mich. LR 7.1(f)(2).

**B.     Motion Standards**

Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56(c). Rule 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45, 61 S. Ct. 418, 85 L. Ed. 577 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, p. 518. The Court of Appeals for the Sixth Circuit has stated that a district court must consider a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C*, 477 F.3d 383, 389 (6th Cir. 2007).

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the

plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's

3

evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### C.      Analysis & Conclusions

Defendants move for judgment on the pleadings, asserting that the complaint fails to state a claim because (1) Plaintiff has no standing to challenge the foreclosure because the redemption period has expired; (2) Plaintiff's claims stem from her allegation that she was wrongfully removed from a Home Affordable Modification Program ("HAMP"), but courts have held that there is no private right of action under HAMP; (3) Plaintiff received adequate notice under Michigan law of the adjournments to scheduled foreclosure sales as well as to the ultimate sale; and (4) Plaintiff has provided no writing that complies with the statue of frauds to show that she entered into a written agreement with either Defendant that modified her original loan documents. (Doc. 14.)

Counsel for Plaintiff responded to Defendants' motion by submitting 25 pages of documents accompanied by the following three sentences:

> For Plaintiff's response to Defendants['] Motion for Judgment on the Pleading[s] or, in the alternative, Summary Judgment, Plaintiff offers her Affidavit and attached Exhibits.
>
> All attachments to the original Complaint and to Defendants['] Motion are incorporated herein by reference.
>
> WHEREFORE Plaintiff requests this court to deny the relief sought by Defendants in their motion and set the case for oral arguments in order to allow Plaintiff to bring witnesses on her behalf.

(Doc. 17 at 3.)

Defendants' reply asserts that Plaintiff's utter failure to respond to the arguments made in the dispositive motion amounts to a concession to Defendants' position (Doc. 18 at 2), quoting a case from this district in support:

> It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.

5

*Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011). *See also Billingsley v. Shelby Cnty. Dep't of Corr.*, No. 02-2920B, 2005 WL 2659105, at *1 (W.D. Tenn. Oct. 17, 2005) ("as [plaintiff] has made no mention of the Fifth Amendment claim in his response to the dispositive motion, the Court assumes that he has abandoned any claim he may have had thereunder"). Defendants further contend that the "Affidavit" supplied by Plaintiff should not be considered because it is neither sworn nor notarized. (Doc. 18 at 3 n.1.)

The Local Rules of this Court provide that a "respondent opposing a motion **must file a response, including a brief** and supporting documents then available." E.D. Mich. LR 7.1(c)(1) (emphasis added). Local Rule 7.1(d) further provides that each "response to a motion must be accompanied by a single brief" and specifies the required format and structure of such briefs. In this case, the total failure of Plaintiff's counsel to file a brief setting forth any arguments in opposition to Defendants' motion is even more baffling in light of the fact that the case documents represent that Plaintiff herself is a licensed attorney, and the State Bar of Michigan's online directory confirms that she is an active member of the bar in good standing. (State Bar of Mich. Member Directory, http://www.michbar.org/memberdirectory/detail.cfm?PID=32843, as viewed on March 13, 2012.)

Considering Plaintiff's failure to comply with the Local Rules and total failure to even attempt to argue against Defendants' position that the complaint fails because (1) Plaintiff lacks standing; (2) there is no private right of action under HAMP; (3) Plaintiff received adequate notice under Michigan law of the adjournments and ultimate foreclosure sale; and (4) Plaintiff has provided no writing that complies with the statue of frauds to show that she entered into a written agreement with either Defendant modifying her original loan documents, this Court's Local Rules

6

and the case law cited above compel me to suggest that Plaintiff has conceded Defendants' position and therefore suggest that Defendants' motion for judgment on the pleadings be granted.

Moreover, even if the merits of the claims are considered, I suggest that Defendants' motion should be granted. Plaintiff's breach-of-contract claim alleges that "Wells Fargo signed [her] up" for the Home Affordable Modification Program ("HAMP") program in January 2010 and then "mistakenly removed" her from the program in May 2010 despite the fact that she had "timely complied with all requests for documentation." (Compl. ¶¶ 16-18) Defendants argue that they are entitled to judgment on this claim because, even taking Plaintiff's allegations as true, courts have held that there is no private right of action for a violation of HAMP. (Doc. 14, Br. at 6.) I suggest that Defendants are correct. In *Brown v. Bk. of New York Mellon*, No. 1:10-cv-550, 2011 WL 206124 (W.D. Mich. Jan. 21, 2011), cited by Defendants, the court dismissed the plaintiff's "Breach of Contract (HAMP)" claim, noting that "[a]ll of the district courts that have considered the issue have held that homeowners do not have a private right of action under HAMP for denial of a loan modification." *Id.* at *2 (collecting cases). Thus, I suggest that Defendants are entitled to judgment on this claim.

Defendants also contend that Plaintiff's first claim fails under the statute of frauds, Mich. Comp. Laws. § 566.132, because Plaintiff has not produced any agreement, or even alleged that one exists, that was "signed by an authorized representative of either Defendant agreeing to permanently modify her loan." (Doc. 14, Br. at 8.) I suggest that Defendants are correct here as well. The statute of frauds in pertinent part provides that

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:

> A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2)(b)-(c). Plaintiff acknowledges that she failed to make the payments required under her mortgage and has not provided a document with an authorized signature by either Defendant that modified her loan or waived any of her mortgage's provisions. I therefore suggest that Defendants are entitled to judgment on the pleadings with regard to this claim. Furthermore, even if the Court were to consider the documents attached to Plaintiff's "response," those documents show that although Plaintiff participated in a HAMP Trial Period Plan beginning in December 2009 (Doc. 17, Ex. at 3-14), she was notified on May 3, 2010, that a "[d]ecision on the Home Affordable Modification Program" had been reached and that, "after carefully reviewing the information you've provided, we are unable to adjust the terms of your mortgage." (*Id.* at 18.)

With regard to Plaintiff's unjust enrichment claim and her claims stemming from the alleged inadequate notice of the foreclosure sale, Defendants assert that since the redemption period has expired, Plaintiff no longer has standing to challenge any aspect of the foreclosure proceedings. (Doc. 14, Br. at 8-9, 12-13.) Defendants acknowledge that Plaintiff filed suit in state court three days prior to the expiration of the redemption period, but contend that filing suit does not toll the redemption period. I suggest that Defendants are correct. In *Overton v. Mortgage Elec. Reg. Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), the court explained that "[a]lthough [the plaintiff] filed his suit before the redemption period expired, that was insufficient to toll the redemption period . . . [and] [o]nce the redemption period expired, all of plaintiff's rights

in and title to the property were extinguished." *Id.* at *1. Thus, I suggest Plaintiff no longer has standing to challenge the process that led to the foreclosure and that Defendants' motion should be granted with regard to these claims.[1]

Finally, Defendants assert that they are entitled to judgment as a matter of law on Plaintiff's final claim brought pursuant to the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901 *et seq.*, because mortgage lenders and other entities that engage in related activities are exempt from the MCPA. (Doc. 14, Br. at 13-14.) In *Evans v. JP Morgan Chase Bk.*, No. 06-13973, 2007 WL 2049254 (E.D. Mich. July 17, 2007), the court explained the MCPA's safe harbor provision and held that entities in the mortgage lending industry are exempt from claims under the MCPA because they are subject to extensive statutory and regulatory schemes. In this case, Defendants clearly fall within that category and therefore I suggest that Defendants' motion be granted in its entirety.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v.*

---

[1] Defendants further contend that even if Plaintiff had standing, the notice provided was in compliance with Michigan's statutory requirements. (Doc. 14, Br. at 11.) In support, Defendants have proffered an unrefuted affidavit from the Isabella County Deputy Sheriff who personally posted the notices in this case. (Swanson Aff., Doc. 14 at Ex. 6.) Because I suggest that Plaintiff lacks standing to bring this claim, however, the specifics of the affidavit are irrelevant.

9

*Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                                           s/ *Charles E. Binder*
                                                             CHARLES E. BINDER
Dated: March 15, 2012                         United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christopher Breay; served by first class mail on Michael Hyde, 700 E. Chippewa, Mt. Pleasant, MI, 48858-1872; and served on District Judge Ludington in the traditional manner.

Date: March 15, 2012                    By    s/*Jean L. Broucek*
                                                              Case Manager to Magistrate Judge Binder